ZACHARY J. ALINDER (State Bar No. 209009)
E-Mail:      *zalinder@sideman.com*
NICHOLAS A. SHEN (State Bar No. 324712)
E-Mail:      *nshen@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:      (415) 392-1960
Facsimile:      (415) 392-0827

Attorneys for Plaintiffs
Cisco Systems, Inc. and Cisco Technology, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

| | |
|---|---|
| CISCO SYSTEMS, INC., a California corporation, and CISCO TECHNOLOGY, INC., a California corporation,<br><br>                    Plaintiffs,<br><br>        v.<br><br>AKRAM MORDEAA, an individual, including doing business as Turbo Networks, www.turbo-networks.com, and Used ASA, www.usedasa.com, and DOES 1 through 10, inclusive,<br><br>                    Defendants. | CASE NO. 3:20-cv-4610<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT AND COUNTERFEITING, 15 U.S.C. § 1114;**<br>2. **FEDERAL UNFAIR COMPETITION, 15 U.S.C. § 1125;**<br>3. **FEDERAL DIRECT AND INDIRECT COPYRIGHT INFRINGEMENT, 17 U.S.C. §§ 501 *et seq.*;**<br>4. **VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT, 17 U.S.C. §§ 1201. *et seq*. ; and,**<br>5. **FALSE PERSONATION AND CHEATS CAL PEN CODE §528.5**<br><br>**Demand for Jury Trial** |

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

Plaintiffs Cisco Systems, Inc. ("CSI") and Cisco Technology, Inc. ("CTI" and together with CSI, "Cisco" or "Plaintiffs"), hereby complain and allege against Defendants Akram Mordeaa ("Mr. Mordeaa"), doing business as Turbo Networks, www.turbo-networks.com, and Used ASA, www.usedasa.com, and Does 1 through 10 inclusive (collectively "Defendants") as follows:

**INTRODUCTION**

1.       Mr. Mordeaa, doing business through a number of different business names and aliases, is a repeat and unrepentant reseller of pirated and otherwise infringing Cisco software licenses, as well as Cisco hardware that leverages the same illicit Cisco software licenses.  Mr. Mordeaa sells both online to customers, duped into buying illegal software and illegally upgraded hardware at cut-rate prices, rather than buying genuine Cisco software and hardware through authorized distribution channels.

2.       To add further injury, Mr. Mordeaa has also engaged in serial online fraud both in an attempt to shield his own illegal sales, and also in an attempt to take down the listings of his competitors.  Exemplifying the bad faith and knowingly illegal nature of Mr. Mordeaa's conduct, he has recently been caught spoofing and impersonating Cisco's outside counsel in communication with one or more online e-commerce sites, attempting to convince those sites that he is authorized by Cisco to act on its behalf.  It appears that Mr. Mordeaa used this false authority to take down his competitors' Cisco software license listings in order to drive more illegal marketplace traffic towards his own illicit Cisco software license and hardware listings.

3.       Mr. Mordeaa's unlawful scheme, as alleged in more detail below, has not only caused Cisco significant monetary damages, but also has undermined Cisco's brand, goodwill, and reputation with customers and its authorized partners.  When Cisco first requested that he cease and desist his sales of unlawful and infringing software licenses, Mr. Mordeaa claimed to close down, only to re-emerge as the driving force behind numerous infringing and illicit listings posted on www.turbo-networks.com and www.usedasa.com, as well as in the spoofed takedown requests to e-commerce sites.  Mr. Mordeaa's new and expanded illegal schemes confirm that he intends to continue his unlawful and infringing conduct unabated, unless forced to stop.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

4.　　Accordingly, Cisco brings this Action to put a stop to Mr. Mordeaa's unlawful and infringing conduct, to enjoin further unlawful and infringing conduct, and to recover full damages for the significant harm he, and those conspiring with him, have caused.

**PARTIES**

5.　　CSI is, and at all times mentioned herein was, a California corporation, with its principal place of business at 170 W. Tasman Dr., San Jose, California 95134.  CTI is, and at all times mentioned herein was, a California corporation with its principal place of business at 170 W. Tasman Dr., San Jose, California 95134.  CTI owns the trademarks that are used by CSI in marketing Cisco-branded products and the copyrights in the software pirated by Defendants.

6.　　Cisco is informed and believes, and thereon alleges, that Defendant Akram Mordeaa ("Mr. Mordeaa") was at all relevant times an individual with his principal residence in Irvine, California.  Cisco is informed and believes, and thereon alleges, that Mr. Mordeaa does business as Turbo Networks, www.turbo-networks.com ("Turbo Networks"), which lists its principal executive office address as 1703 Piedmont, Irvine, CA 92620.  Cisco is informed and believes, and thereon alleges that, Mr. Mordeaa operates and controls Turbo Networks.  Cisco is informed and believes, and thereon alleges, that Mr. Mordeaa also does business as the entity Used ASA, www.usedasa.com, ("Used ASA"), which lists its warehouse addresses in Lake Forest, California.  Cisco is informed and believes, and thereon alleges that, Mr. Mordeaa operates and controls Used ASA.  Cisco is informed and believes and thereon alleges that, at all relevant times, Mr. Mordeaa's spouse, Nour Hamad, also assisted in the management and operational control of Mr. Mordeaa's businesses, but will require discovery of her involvement to determine the extent of her knowledge, control, and direction of the illegal business activities alleged in this Complaint.

7.　　The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiffs who, therefore, sue said Defendants by such fictitious names.  Plaintiffs will amend this Complaint to reflect the true names and capacities of these Doe Defendants when the same shall have been fully and finally ascertained.  Plaintiffs are informed and believe, and thereon allege, that each of the Defendants designated herein as a Doe is legally responsible, in some manner, for

1  the events and happenings herein referred to, and legally caused damages to Plaintiffs as herein

2  alleged.

3         8.      At all times relevant to this action, each Defendant, including those fictitiously

4  named Defendants, was the agent, servant, employee, partner, joint venturer, accomplice,

5  conspirator, alter ego or surety of the other Defendants and was acting within the scope of that

6  agency, employment, partnership, venture, conspiracy, or suretyship with the knowledge and

7  consent or ratification of each of the other Defendants in doing the things alleged in this

8  Complaint.

9  <u>**JURISDICTION**</u>

10         9.      This is an Action for violations of Federal trademark and copyright laws.  This

11  Court has original subject matter jurisdiction over this Action pursuant to 28 U.S.C. §§ 1331 and

12  1338(a)-(b), and 15 U.S.C. § 1121.  This Court has supplemental jurisdiction over Cisco's state

13  law claim for relief pursuant to 28 U.S.C. §§ 1338(b) and 1367 because the claims are so related to

14  Cisco's claims under Federal law that they form part of the same case or controversy and derive

15  from a common nucleus of operative facts.

16        10.     This Court has personal jurisdiction over Defendants because Defendants have

17  transacted business within California, and within this district in particular.  Defendants have also

18  misrepresented the authentic nature of the counterfeit "Cisco" products to residents of California,

19  including within this district.  Defendants have also trafficked in pirated software and otherwise

20  caused tortious injury to Cisco, including to its trademarks and copyrights, within California, and

21  within this district in particular.  Defendants did so with knowledge that it would be harming

22  Cisco, located within this district.  And Mr. Mordeaa has also communicated with eBay, a San

23  Jose company, falsifying Defendants' authority to act on behalf of Cisco, a San Jose company, and

24  spoofing Cisco's counsel located in San Francisco, specifically related to the illegal conduct

25  alleged in this Action.

26  <u>**VENUE**</u>

27        11.     Venue for this action properly lies in the Northern District of California pursuant to

28  28 U.S.C. § 1391(b)(2) because Defendants committed acts here in furtherance of their illegal

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1   business operations, including through sales of the specific pirated and/or infringing software at

2   issue in this Complaint into this district and spoofing Cisco's outside counsel located in this

3   district, a substantial part of the events giving rise to the claim occurred in this district, and a

4   substantial part of the property that is the subject of this action is located within this district.

5   Further, venue is also proper in this District under 28 U.S.C. § 1400(a) because Defendants are

6   subject to personal jurisdiction here due to having performed intentional acts expressly aimed at

7   the forum and having thereby caused damage that they knew would be suffered by Cisco in this

8   District.

9   <center>**INTRA-DISTRICT ASSIGNMENT**</center>

10        12.     In accordance with LR 3-2(c), this action is properly assigned on a district-wide

11   basis because it relates to Intellectual Property

12   <center>**FACTUAL ALLEGATIONS RELATING TO TRADEMARK REGISTRATIONS**</center>

13        13.     Founded in 1984, Cisco is a global leader in technology, with a large and diverse

14   customer base spanning governments and large enterprises, small to medium sized businesses, and

15   individual consumers.  Among other areas, Cisco's business includes high quality networking and

16   communications technology, including telecommunications networking hardware and software,

17   advanced telecommunications network design, implementation services, high-end

18   videoconferencing technology, and data center technology, among others.

19        14.     Cisco has developed a strong name and reputation within the trade and among

20   members of the consuming public as a leading manufacturer of mission-critical networking and

21   telecommunications systems, and it sells these products worldwide.  In doing so, Cisco has

22   invested substantial effort and resources to develop and promote public recognition of the Cisco

23   trade name and of the family of Cisco-related marks.  Cisco has used the family of Cisco

24   trademarks to identify goods and services as being genuine Cisco products, and the Cisco marks

25   and name are well-recognized signifiers of Cisco's high quality brand of products and services

26   (the Cisco marks and name are hereinafter referred to as "Cisco Marks").

27        15.     CTI has caused several Cisco Marks to be registered on the Principal Register of

28   the U.S. Patent and Trademark Office in connection with a range of telecommunications,

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

computer hardware and software products and services, and CTI owns all rights, title, and interest in numerous federal trademark registrations.

| Mark | Registration Number | Registration Date |
|---|---|---|
| Cisco | 1,542,339 | June 6, 1989 |
| Cisco SYSTEMS | 1,996,957 | August 27, 1996 |
| Cisco SYSTEMS and Design | 1,999,660 | September 10, 1996 |
| Cisco SYSTEMS and Design | 2,116,358 | November 25, 1997 |
| Cisco SYSTEMS and Design | 2,232,700 | March 16, 1999 |
| Cisco SYSTEMS and Design | 2,488,368 | September 11, 2001 |
| Cisco | 2,498,746 | October 16, 2001 |
| Cisco SYSTEMS and Design | 2,552,361 | March 16, 2002 |
| Cisco SYSTEMS and Design | 2,959,329 | June 7, 2005 |
| Cisco and Design | 3,759,451 | March 9, 2010 |
| Cisco | 3,978,294 | June 14, 2011 |
| Cisco | 4,263,591 | December 25, 2012 |

16.    Cisco has taken substantial steps and expended significant resources to research and develop strict quality-control standards for all of its products to ensure that products and services bearing Cisco Marks continue to be of the highest quality.

17.    Cisco has also invested significant resources and effort in developing and promoting public recognition of the Cisco brand and the family of Cisco-related marks throughout the world, in part by placing Cisco products and Cisco Marks in its advertising and promotional materials, which reach global consumers through a variety of media, including television, radio, newspapers, magazines, billboards, direct mail, websites, and in telephone directories.

18.    As a result of Cisco's extensive advertising and promotional efforts and its continuous use of its core Cisco Marks for more than 25 years, Cisco has attained one of the highest levels of brand recognition.  As a result of Cisco's longstanding and widespread use and promotion of Cisco Marks, Cisco's customers worldwide have come to rely upon Cisco Marks to identify Cisco's high-quality goods and services, including software.  Many of Cisco's products are purchased by the U.S. Government, including branches of the military, and by other industries such as healthcare and finance, for use in critical and life-essential applications.

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1

## FACTUAL ALLEGATIONS RELATING TO COPYRIGHT REGISTRATIONS

2      19.      Cisco has also expended significant resources and effort to research and develop

3  world-class software products that enable, enhance, and interoperate with its high-quality

4  hardware.  CTI has caused numerous Cisco software copyrights to be registered with the U.S.

5  Copyright Office in connection with a range of telecommunications, computer hardware and

6  software products and services, and CTI owns all rights, title, and interest in these Cisco federal

7  copyrights.  The software copyright registrations relevant here include at least:

| Copyright | Registration Number | Registration Date |
|---|---|---|
| Cisco ASA software Version 7.01 | TX 8-815-414 | 2019 |
| Cisco ASA Software Version 9.13.1 | TX 8-815-403 | 2019 |
| Cisco IOS Release 15.0 | TX 7-938-524 | 2014 |

12      20.      The above software copyright registrations include software for the Cisco ASA

13  Software referred to in the Complaint below.

14      21.      Cisco has also instituted certain technological measures to control access to its

15  copyright-protected software, including the software identified above.  One of those technological

16  measures is the use of software license keys that control access to Cisco's copyright-protected

17  software.

## FACTUAL ALLEGATIONS

19      22.      In October of 2015, Cisco noticed that an eBay store, operated by an eBay seller

20  called "ciscoboy2006" was advertising and selling what it claimed to be genuine, new Cisco

21  software licenses.  Upon purchasing one of these software licenses, the eBay reseller,

22  ciscoboy2006, provided an illicit license key file for the Cisco software license ordered, which

23  confirmed that he was reselling pirated and/or otherwise infringing Cisco software licenses.

24      23.      On November 19, 2015, Cisco's outside counsel sent a cease and desist letter to

25  Akram Mordeaa, the associated real identity for the ciscoboy2006 eBay seller account.  The letter

26  demanded that Akram Mordeaa cease selling pirated and/or otherwise infringing software licenses

27  and provide information on how he obtained access to the licenses.

28

24.     Mr. Mordeaa assured Cisco that he would cooperate with Cisco's cease and desist letter.  He then provided his software license sourcing information, confirmed that he would shut down the ciscoboy2006 eBay store, and gave assurances that he would cease and desist from selling any such products in the future.  At the time, Mr. Mordeaa used an email address, akita@akitainu.ca, in his communications.

25.     After confirming that the ciscoboy2006 eBay store was shut down, Cisco believed that to be the end of it.  Indeed, based on further investigation, it appeared from the email address and associated website, www.akitainu.ca, that Mr. Mordeaa had decided to become a dog breeder for Akita puppies:



26.     Mr. Mordeaa had also appeared to become a DJ, named DJ Akram, using www.djakram.com and an email address djakram@djakram.com.  Mr. Mordeaa has YouTube channels associated with both djakram and his Akita breeding business that remain online:




SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

27.     Unfortunately, Cisco has discovered that Mr. Mordeaa returned to infringing Cisco intellectual property.  More specifically, in 2019, test purchases of software licenses from Defendants confirmed that the "Cisco" branded software licenses that Defendants purported to sell were pirated and/or otherwise infringing.  In conducting these illegal sales, Defendants provided illicit license keys to distribute the pirated and/or otherwise infringing Cisco software licenses. Further, Defendant Mordeaa used email addresses connected with the companies that he is doing business through, turbo-networks.com and usedasa.com, which also tie to Mr. Mordeaa's home address.

28.     But Defendant Mordeaa did not stop at distributing pirated and/or otherwise infringing Cisco software licenses or at the circumvention of technological measures that Cisco put in place to effectively control access to Cisco's copyright-protected software.  Recently, Mr. Mordeaa also began spoofing and/or impersonating Cisco's outside counsel in communications with online marketplaces.  Specifically, Mr. Mordeaa appears to have on multiple occasions impersonated outside counsel for Cisco in order to misrepresent to marketplaces such as www.ebay.com that he has authorization to enforce Cisco trademark, copyright, and other intellectual property rights.  Cisco is informed and believes, and thereon alleges, that Mr. Mordeaa used this false authority to then conduct online marketplace listing takedowns of his competitors' Cisco software license listings in order to drive more illegal sales traffic towards Defendants' own infringing/pirated Cisco software license listings and illicit hardware listings.

29.     In one such instance, counsel for Cisco was directly contacted by an eBay reseller whose listings were in direct competition with Defendants' listings with regard to infringing/pirated Cisco software licenses.  This competitor of Defendants (the "Competitor") had received one of the spoofed takedown notices from eBay, and specifically contacted the spoofed Cisco outside counsel to inquire as to why the Competitor's Cisco software license listings had been taken down.  After learning that the outside counsel's information had been spoofed, the Competitor identified Mr. Mordeaa as being behind the takedowns, based on their own investigation and based on a prior and/or ongoing dispute that Competitor apparently had with Mr. Mordeaa.  Competitor further admitted that his own Cisco listings were illicit and that they

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1   reflected and/or leveraged pirated Cisco software licenses (agreeing to cease and desist such

2   unlawful conduct), and they further confirmed that Mr. Mordeaa's competitive listings also

3   reflected and leveraged pirated Cisco software licenses, explaining how the Competitor and Mr.

4   Mordeaa had obtained such pirated Cisco software licenses on the black market.

5        30.    The spoofing of Cisco's outside counsel to take down the Competitor's listings was

6   not random or unique.  Mr. Mordeaa spoofed Cisco's outside counsel with respect to a number of

7   additional attempted eBay DMCA takedown requests.  While it appears that Mr. Mordeaa tried to

8   cover his tracks in spoofing Cisco's outside counsel, Mr. Mordeaa was not fully successful.  In

9   addition to the confirmation from the Competitor, buried in the details of Mr. Mordeaa's spoofed

10  takedown requests were references to "djakram" and "akita@akitainu.ca," confirming that Mr.

11  Mordeaa was indeed the source of the impersonation and spoofing of Cisco's outside counsel.

12       31.    As alleged above, Cisco is informed and believes, and thereon alleges, that Mr.

13  Mordeaa engaged in the impersonation of Cisco's outside counsel to take down his competitors

14  and thereby drive customers looking for cut-rate Cisco software licenses (regardless of the

15  illegality) to his listings.  And, indeed, Defendants' listings of infringing/pirated Cisco software

16  licenses and Cisco hardware leveraging the same, now posted on the website for his new company

17  "Turbo Networks," are significant and ongoing.  These listings also specifically leverage Cisco's

18  trademarks and imply authorization and endorsement by Cisco of the illicit software licenses:



COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

32.     As the above listing shows, Defendants' use of the Cisco Marks is highly likely to cause consumer confusion and to deceive consumers into believing there is an affiliation, connection, or association between Cisco and Defendants, and to confuse members of the consuming public as to the origin, sponsorship, authorization, and/or approval by Cisco of Defendants' "Cisco" branded software licenses and "Cisco" branded hardware products.

33.     In addition to monetary damages to Cisco, Defendants' unlawful actions have caused irreparable harm to Cisco's brand and reputation, as to which there is no adequate remedy at law.  Accordingly, in addition to all other relief requested, good cause and exigent circumstances exist here to order to the extent necessary, and otherwise keep in place, temporary and preliminary injunctive relief to stop Defendants from distributing any "Cisco" branded software licenses and/or products in their inventory that leverage these illicit Cisco software licenses.

34.     As alleged above, Mr. Mordeaa's new infringing listings on his Turbo Networks and Used ASA websites include not only infringing and/or pirated Cisco software licenses, but also include allegedly "Brand New Factory Sealed" "Cisco" branded hardware that Defendants claim comes "pre-equipped" with high end versions of infringing and/or pirated software licenses:



LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

35.    Defendants' unlawful and infringing conduct is even more appalling given the prior misleading representations about shutting down Mr. Mordeaa's illegal operations, while he apparently relocated to Irvine, California, and went back to infringing Cisco's IP just a few years later.  The prior cease and desist efforts with Mr. Mordeaa in addition to the spoofing of Cisco's counsel, therefore, further confirm that Defendants' conduct alleged herein was willful, intentional, and committed with malice, bad faith, and intent to defraud.  Accordingly, Defendants' illegal conduct, as alleged herein, must be put to a stop immediately and permanently.

## CISCO'S CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement and Counterfeiting

### *15 U.S.C. § 1114*

### (Against All Defendants)

36.    Cisco incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

37.    The Cisco Marks are valid, protectable trademarks that have been registered as marks on the principal register in the United States Patent and Trademark Office.

38.    Cisco is the owner and registrant of the Cisco Marks.

39.    As described in more detail above, each Defendant has used the Cisco Marks in connection with the marketing, promotion, and sale of goods without Cisco's consent, in a manner that is likely to cause, and has actually caused, confusion and/or mistake, or that has deceived members of the consuming public and/or the trade.  Further, each Defendant has, at a minimum, created or distributed stolen/pirated "Cisco" branded software licenses (which are "Cisco" products) without Cisco's authorization, and such goods are not considered "genuine" within the definition of the Lanham Act.  Defendants' further counterfeited Cisco's marks in the materials accompanying the sale of these software licenses.

40.    Defendants counterfeiting and infringing activities are likely to cause and are actually causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin, sponsorship, and quality of Defendants' infringing and

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1  counterfeit products.  As of the filing of this Complaint, Cisco is informed and believes, and

2  thereon alleges, that Defendants are continuing to infringe the Cisco Marks unabated as alleged

3  further above.  As such, each Defendant has engaged in both trademark infringement and

4  counterfeiting under 15 U.S.C. § 1114.

5        41.      Defendants' infringement of the Cisco Marks is willful and their conduct, as

6  alleged herein, constitutes an exceptional case under 15 U.S.C. § 1117.

7        42.      Cisco has been, and continues to be, damaged by Defendants' infringement,

8  including by suffering irreparable harm through the diminution of trust and goodwill among Cisco

9  consumers and members of the general consuming public and the trade.  Cisco has no adequate

10 remedy at law.  As a result of Defendants' infringement of the Cisco Marks, Cisco is entitled to an

11 injunction, and an order of destruction of all of Defendants' infringing materials.

12       43.      As a direct and proximate result of their infringements, Defendants have realized

13 unjust profits, gains, and advantages at the expense of Cisco, including as set forth above.  In

14 addition, Cisco has suffered substantial loss and damages to its property and business, including

15 significant monetary damages as a direct and proximate result of Defendants' infringements,

16 including as set forth above.  The harm caused by Defendants' unlawful conduct entitles Cisco to

17 recovery of all available remedies under the law, including but not limited to actual damages,

18 infringers' profits, treble damages, statutory damages (if elected), reasonable attorney fees, costs,

19 and prejudgment interest.

20                            **SECOND CLAIM FOR RELIEF**

21                             **Federal Unfair Competition**

22                               ***15 U.S.C. § 1125(a)***

23                             **(Against All Defendants)**

24       44.      Cisco incorporates each of the foregoing paragraphs of this Complaint as if fully set

25 forth herein.

26       45.      Each Defendant did, without authorization, use in commerce the Cisco Marks, and

27 also make false designations of origin, false or misleading descriptions of fact, and/or false or

28 misleading representations of fact, which were and are likely to cause confusion, or to cause

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1   mistake, or to deceive customers as to the affiliation, connection, or association of Defendants

2   with Cisco, and/or as to the origin, sponsorship, or approval of the Defendants' goods, services, or

3   commercial activities.

4        46.    Defendants' acts have been committed with knowledge of Cisco's exclusive rights

5   and goodwill in Cisco Marks, as well as with willfulness, bad faith, and the intent to cause

6   confusion, mistake and/or to deceive.  Defendants' conduct, as alleged herein, constitutes an

7   exceptional case under 15 U.S.C. § 1117.

8        47.    Defendants' unauthorized use of counterfeit copies of Cisco's Marks falsely

9   represents Defendants' counterfeit "Cisco" products as emanating from, or being authorized by,

10  Cisco and places beyond Cisco's control the quality of products bearing Cisco Marks.

11       48.    Cisco has been, and continues to be, damaged by Defendants' infringement,

12  including by suffering irreparable harm through the diminution of trust and goodwill among Cisco

13  consumers and members of the general consuming public and the trade.  Cisco has no adequate

14  remedy at law.  As a result of Defendants' infringement of the Cisco Marks, Cisco is entitled to an

15  injunction, and an order of destruction of all of Defendants' infringing materials.

16       49.    As a direct and proximate result of their infringements, Defendants have realized

17  unjust profits, gains and advantages at the expense of Cisco, including as set forth above.  In

18  addition, Cisco has suffered substantial loss and damages to its property and business, including

19  significant monetary damages as a direct and proximate result of Defendants' infringements,

20  including as set forth above.  The harm caused by Defendants' unlawful conduct entitles Cisco to

21  recovery of all available remedies under the law, including but not limited to actual damages,

22  infringers' profits, treble damages, statutory damages (if elected), reasonable attorney fees, costs,

23  and prejudgment interest.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

### THIRD CLAIM FOR RELIEF

**Federal Direct and Indirect Copyright Infringement**

***17 U.S.C. §§ 501, et seq.***

**(Against All Defendants)**

50. Cisco incorporates each of the foregoing paragraphs of this Complaint as if fully set forth herein.

51. Cisco's copyrighted software contains a substantial amount of original material (including without limitation code, specifications, documentation and other materials) that is copyrightable subject matter under the Copyright Act, 17 U.S.C. §§ 101, *et seq.* Cisco owns valid copyrights in its software, including but not limited to the registered software copyrights, set forth in paragraph 20 above.

52. Without consent, authorization, approval, or license, each Defendant knowingly, willingly, and unlawfully copied, prepared, published, and/or distributed Cisco's copyrighted works, portions thereof, and/or derivative works of the same, constituting direct copyright infringement.

53. As alleged above, each Defendant distributed numerous copies of Cisco's copyright-registered software without authorization and in violation of Cisco's copyrights. Such distribution and use was not licensed. In addition, each Defendant has thereby induced, caused, and materially contributed to the infringing acts of their customers by encouraging, inducing, allowing and assisting them to use, copy, and/or further distribute Cisco's copyrighted works, and works derived therefrom. As such, Defendants have engaged in both direct and indirect copyright infringement in violation of Section 501 of the Copyright Act.

54. Defendants' direct and indirect infringements are, and have been, knowing and willful. By this unlawful copying, use, and/or distribution, Defendants have violated Cisco's exclusive rights under 17 U.S.C. § 106 of the Copyright Act.

55. Cisco is entitled to an injunction restraining Defendants from engaging in any further such acts in violation of the United States copyright laws. Unless Defendants are enjoined and prohibited from infringing Cisco's copyrights, or inducing others to infringe Cisco's

1  copyrights, and unless all infringing software, including but not limited to all pirated/stolen

2  software licenses, is seized and impounded pursuant to Section 503 of the Copyright Act,

3  Defendants will continue to intentionally infringe and induce infringement of Cisco's registered

4  copyrights.

5        56.     Defendants' aforesaid conduct is causing immediate and irreparable injury to Cisco

6  and to Cisco's goodwill, and will continue to damage Cisco unless enjoined by this Court.  Cisco

7  has no adequate remedy at law.  As a direct and proximate result of their infringements,

8  Defendants have realized unjust profits, gains and advantages at the expense of Cisco, including as

9  set forth above.  In addition, Cisco has suffered substantial loss and damages to its property and

10  business, including significant monetary damages as a direct and proximate result of Defendants'

11  infringements, including as set forth above.  The harm caused by Defendants' unlawful conduct

12  entitles Cisco to recovery of all available remedies under the law, including but not limited to

13  actual damages, infringers' profits, statutory damages (if elected), reasonable attorney fees, costs,

14  and prejudgment interest.

15  **FOURTH CLAIM FOR RELIEF**

16  **Violations of the Digital Millennium Copyright Act**

17  ***17 U.S.C. §§ 1201, et seq.***

18  **(Against All Defendants)**

19        57.     Cisco incorporates each of the foregoing paragraphs of this Complaint as if fully set

20  forth herein.

21        58.     Cisco has registered numerous copyrights in its software, including the software at

22  issue in this case.

23        59.     Cisco employs many technological measures to effectively control access to its

24  copyright-protected software, including but not limited to software license keys.

25        60.     Each Defendant has circumvented technological measures that Cisco put in place to

26  effectively control access to Cisco's copyright-protected software.  The illicit license keys for the

27  pirated Cisco software that Defendants have sold online avoid, bypass, decrypt, and deactivate a

28

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1 technological protection measure without Cisco's authority for the purpose of gaining

2 unauthorized access to Cisco's copyrighted works.

3      61.    As alleged further above, each Defendant has also offered to the public, provided or

4 otherwise trafficked in illicit license keys for pirated Cisco software, which constitutes technology

5 that is primarily designed or produced for the purpose of either circumventing Cisco's

6 technological protection measures that effectively control access to copyrighted works, or

7 allowing third parties to access Cisco's copyrighted works without authorization.  Such illicit

8 license keys for pirated Cisco software have only limited commercially significant purpose or use

9 other than to circumvent a technological protection measure that effectively controls access to

10 copyrighted works, or are marketed by Defendant for use in circumventing a technological

11 protection measure that effectively controls access to copyrighted works.

12      62.    Defendants have realized significant profit by virtue of their circumvention of

13 Cisco's technological protection measures and trafficking in technology to circumvent those

14 measures.  Further, Cisco has sustained economic damage as a result of Defendants'

15 circumvention of technological protection measures and trafficking in technology to circumvent

16 those measures in an amount to be proven at trial.

17      63.    Cisco is therefore entitled to an injunction restraining Defendants from engaging in

18 any further such acts in violation of the United States copyright laws.  Defendants' aforesaid

19 conduct is causing immediate and irreparable injury to Cisco and to Cisco's goodwill, and will

20 continue to damage Cisco unless enjoined by this Court.  Cisco has no adequate remedy at law.

21 Unless Defendants are enjoined and prohibited from infringing Cisco's copyrights, inducing

22 others to infringe Cisco's copyrights, and unless all illicit software license keys are seized and

23 impounded pursuant to 17 U.S.C. Section 1203, Defendants will continue to be able to circumvent

24 technological measures to effectively control access to Cisco's copyright-protected software and

25 to traffic in technology to circumvent Cisco's technological protection measures.

26      64.    Defendants' acts of software access control circumvention, alleged further above,

27 are and have been knowing and willful.  As a direct and proximate result of their infringements,

28 Defendants have realized unjust profits, gains and advantages at the expense of Cisco, including as

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1  set forth above.  In addition, Cisco has suffered substantial loss and damages to its property and

2  business, including significant monetary damages as a direct and proximate result of Defendants'

3  infringements, including as set forth above.  The harm caused by Defendants' unlawful conduct

4  entitles Cisco to recovery of all available remedies under the law, including but not limited to

5  actual damages, infringers' profits, statutory damages (if elected), reasonable attorney fees, costs,

6  and prejudgment interest.

7  **FIFTH CLAIM FOR RELIEF**

8  **False Personation and Cheats**

9  *Cal. Penal Code §528.5*

10  **(Against Defendant Akram Mordeaa)**

11  65.     Cisco incorporates each of the foregoing paragraphs of this Complaint as if fully set

12  forth herein.

13  66.     Cal Pen Code §528.5 provides in pertinent part that it is a crime for any person who

14  knowingly and without consent credibly impersonates another actual person through or on an

15  Internet Web site or by other electronic means for purposes of harming, intimidating, threatening,

16  or defrauding another person.

17  67.     Any person or who suffers damage or loss by violation of Cal Pen Code §528.5

18  may bring a civil action.

19  68.     Cisco intentionally limits the number of individuals who may represent Cisco, and

20  did not authorize Mr. Mordeaa to represent it in any way, let alone to request online marketplace

21  takedowns.  As such, Mr. Mordeaa, by falsely representing to an online marketplace that he was

22  Cisco's outside counsel, and that he had authorization to request the takedown of online

23  marketplace listings for trademark and/or copyright infringement, is squarely within the meaning

24  of persons who knowingly and without consent credibly impersonate another actual person

25  through or on an Internet Web site or by other electronic means for purposes of harming,

26  intimidating, threatening, or defrauding another person.  As alleged above, Mr. Mordeaa's

27  impersonations were malicious and willful.

28

69.     Defendants' aforesaid conduct is causing immediate and irreparable injury to Cisco and to Cisco's goodwill, and will continue to damage Cisco unless enjoined by this Court.  Cisco has been required to investigate and remediate such unauthorized conduct by Mr. Mordeaa.  Cisco has no adequate remedy at law.  Cisco is entitled to an injunction restraining Defendants from engaging in any further such acts in violation of Cal Pen Code §528.5.  Unless Defendants are enjoined and prohibited from such conduct, Defendants will continue to falsely impersonate Cisco and/or its counsel and remove Defendants' competition for their own personal gain.  Similarly, Cisco will continue to suffer significant harm in being required to identify and eliminate such false impersonations, and to develop protocols to ensure that only valid takedown requests from Cisco are processed by these online marketplaces.

70.     As a direct and proximate result of their unlawful conduct in violation of Cal Pen Code §528.5, Defendants have realized unjust profits, gains and advantages at the expense of Cisco, including as set forth above.  In addition, Cisco has suffered loss and damages to its property and business, including significant monetary damages as a direct and proximate result of Defendants' impersonations, including as resources and legal fees to investigate and remediate Defendants' conduct.  The harm caused by Defendants' unlawful conduct entitles Cisco to recovery of all available remedies under the law, including but not limited to actual damages, compensatory damages, punitive damages, forfeiture, reasonable attorney fees, costs, and prejudgment interest.

## PRAYER FOR RELIEF

WHEREFORE Cisco respectfully prays that the Court enter judgment as follows:

A.     Entry of judgment holding Defendants liable for infringement of the copyrights and trademarks at issue in this litigation, as well as for the other illegal conduct alleged herein;

B.     An order preliminarily and/or permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and affiliated companies, their assigns and successors in interest, and those persons in active concert or participation with them, from any continued or further acts of infringement of any Cisco trademarks and/or copyrights, including inducing infringement by any other party, as well from further acts of unfair competition, and/or

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1  circumvention of Cisco technological measures controlling access to its copyright-protected

2  software;

3        C.      An order preliminarily and/or permanently enjoining Defendant Mordeaa, his

4  officers, agents, servants, employees, contractors, attorneys, and affiliated companies, his assigns

5  and successors in interest, and those persons in active concert or participation with him, from

6  continued acts of falsely impersonating anyone affiliated with Cisco, including but not limited to

7  officers, agents, servants, employees, contractors, and/or attorneys;

8        D.      An order that any (i) pirated and/or infringing software licenses and hardware

9  leveraging the same, including but not limited to all unlicensed Cisco software and/or

10  unauthorized Cisco software licenses, and/or (ii) technology that is primarily designed for the

11  purpose of either circumventing Cisco's technological protection measures that effectively control

12  access to copyrighted works, or allowing third parties to access Cisco's copyrighted works without

13  authorization, that are in Defendants' possession, custody, or control, be seized, impounded, and

14  transferred to Cisco or to the Court or destroyed, pursuant to 17 U.S.C. §§ 503 & 1203;

15        E.      An order awarding Cisco its actual damages according to proof resulting from

16  Defendants' infringements as alleged above, as well as Defendants' profits to the fullest extent

17  available under the law;

18        F.      An order awarding Cisco statutory damages to the fullest extent available under the

19  law to the extent that Cisco elects such damages;

20        G.      An order that Cisco be awarded treble damages, enhanced damages, and/or punitive

21  damages to the fullest extent available under the law;

22        H.      An order that Cisco be awarded full restitution, including restoration of all property

23  unlawfully taken from Cisco, as well as any ill-gotten gains from the resale of Cisco's property, to

24  the fullest extent available under the law;

25        I.      An order that Plaintiffs be awarded reasonable attorneys' fees to the fullest extent

26  available under the law;

27        J.      An order that Plaintiffs be awarded the costs of prosecuting this claim, as well as

28  prejudgment interest to the fullest extent available under the law;

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1    K.    An order that Plaintiffs be awarded injunctive relief, specific performance, and

2  other provisional remedies, as appropriate; and,

3    L.    An order that Plaintiffs be granted such other and further relief as the Court deems

4  just and proper.

5

6  DATED: July 10, 2020                    SIDEMAN & BANCROFT LLP

7

8                                  By:  _____*/s/ Zachary J. Alinder*_____

9                                         Zachary J. Alinder
                                          *Attorneys for Plaintiffs*
10                                        Cisco SYSTEMS, INC. and Cisco
                                          TECHNOLOGY, INC.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

## JURY DEMAND

Pursuant to Civ. L.R. 3-6 and Fed. R. Civ. Proc. 38, Plaintiffs CISCO SYSTEMS, INC.

and CISCO TECHNOLOGY, INC. hereby demand a trial by a jury on all issues herein so triable.


DATED: July 10, 2020                    SIDEMAN & BANCROFT LLP


By:        */s/ Zachary J. Alinder*
           Zachary J. Alinder
           *Attorneys for Plaintiffs*
           Cisco SYSTEMS, INC. and Cisco
           TECHNOLOGY, INC.

Case No. 3:20-cv-4610
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF